# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| DENNIS WAYNE HOPE, <br>     TDCJ #579097, <br>     Plaintiff, <br> v. <br><br> TODD HARRIS, *et al.*, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § | Civil No. 9:18-CV-00027 |

## DEFENDANTS TODD HARRIS, CHAD REHSE, LEONARD ECHESSA, JONI WHITE, KELLY ENLOE, MELISSA BENNETT AND BONNIE FIVEASH'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND (6)

Defendants Todd Harris, Chad Rehse, Leonard Echessa, Joni White, Kelly Enloe, Melissa Bennett, and Bonnie Fiveash (Defendants) move for dismissal of Plaintiff Dennis Wayne Hope's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6)[1].

## I.
## STATEMENT OF THE CASE

Plaintiff Dennis Wayne Hope ("Hope") is an inmate incarcerated at the Polunsky Unit of the Texas Department of Criminal Justice (TDCJ). DE 15 at 15. Hope is serving a lengthy sentence for five aggravated robberies with a deadly weapon, impersonating a public servant/security officer, and two escapes from custody.[2] His confinement classification is administrative segregation.

---

[1] This information is subject to judicial notice because it can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned, including the TDCJ's Offender Information Search. *See* FED. R. EVID. 201(b)(2); TEXAS DEPARTMENT OF CRIMINAL JUSTICE, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03898539 (last accessed March 5, 2019).

[2] Because Todd Harris is no longer the warden at the Polunsky Unit and therefore cannot redress Mr. Hope's claims, the Office of the Attorney General respectfully asks that he be dismissed from this lawsuit.

Hope is suing Defendants in their official and individual capacities and is seeking injunctive and declaratory relief as well as money damages. DE 15 at 1-2. He contends that his confinement in administrative segregation violates the Eighth and Fourteenth Amendments of the United States Constitution. *Id.* He also alleges he has been retaliated against for making constitutional claims. *Id.* at 7, 14. Hope's claims include allegations that his cell is small and noisy, that he receives meals with fewer calories when the unit is on lockdown, that he has been exposed to chemical agents, that he is subjected to eating on dirty dishware, that he does not receive the same condiments as general population prisoners, that his shower is not clean, that his medical visits lack privacy because they are often conducted cell-side, that his library visits are limited, that his collect calls cost more than those of general population prisoners, that he is not allowed contact visits, and that he is only allowed to keep a small number of personal possessions. *See Id.* at 3-7. He also alleges that these conditions have had a negative effect on his mental health and that his back hurts from sleeping in cramped quarters. *See Id.* at 8-9.

## II.
## STANDARD FOR DISMISSAL UNDER 12(b)(1)

A party may move for dismissal of a cause of action when a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (*quoting Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When a motion to dismiss under Rule 12(b)(1) is filed, "the party asserting jurisdiction bears the burden of proof …" *Morrison v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014).

# III.
# STANDARD FOR DISMISSAL UNDER 12(b)(6)

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. Under Fed. R. Civ. P. 12(b)(6), all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support the elements of the cause of action to set forth a valid claim. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).

When presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 679. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint must "show" such an entitlement with its facts.

As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* After *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her

complaints are plausible. *Id.* at 678-79. Because Hope has failed to show he has any plausible claim for relief, Defendants respectfully ask that their motion to dismiss as to all claims be granted.

## IV.
## BRIEF IN SUPPORT OF MOTION TO DISMISS

### A. Hope's Claims for Monetary Damages Under 42 U.S.C. § 1983 Are Barred by the Eleventh Amendment.

To the extent Hope is suing Defendants for money damages in their official capacities, Defendants are entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars suits in federal court against a state, or one of its agencies or departments, by anyone other than the federal government or another state, regardless of the nature of the relief requested. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. Louisiana State Bd. Of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988). The state may waive this immunity or Congress may specifically override the immunity under § 5 of the Fourteenth Amendment. *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 474 (1987); s*ee also Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993). However, neither exception is present in this case as immunity has not been waived by the state, nor has there been any Congressional abrogation of the immunity under § 5 of the Fourteenth Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (in passing § 1983, Congress had no intention to disturb the States' Eleventh Amendment immunity).

Additionally, a suit for damages against a state official in his official capacity is not a suit against that individual, but a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Consequently, a state official acting in his official capacity is not a "person" subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Defendants were all employees of TDCJ, a state agency, at the time of these alleged claims. Thus, to the extent that Hope is suing Defendants for money damages

in their official capacities as TDCJ employees, Hope's claims are barred by the Eleventh Amendment and must be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**B.  Hope lacks standing for injunctive relief.**

Although the Eleventh Amendment bars claims for monetary damages brought against individual state officers in their official capacities, the Supreme Court has established an exception to the rule. *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008) (quoting *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir., 2004)). Pursuant to the *Ex parte Young* doctrine, a state official who attempts to enforce an unconstitutional law loses the protections provided by the Eleventh Amendment and becomes subject to suit. *NiGen Biotech v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Therefore, "[i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015) (quoting *Verizon Md. Inc. v. Pub. Svc. Comm'n*, 535 U.S. 635, 645 (2002)).

Hope fails to establish the *Ex parte Young* exception applies to Defendants and he therefore lacks standing to bring claims against Defendants for injunctive relief. "[S]tanding is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotation omitted). Jurisdiction is "a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the

challenged action of the defendant (causation); and (3) that is likely to be redressed by a favorable decision (redressability). *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). In order to satisfy the redressability requirement, a plaintiff must show (1) the ability of the official to enforce the statute at issue under his statutory or constitutional power and (2) the demonstrated willingness of the official to enforce the statute. *Okpalobi v. Foster*, 244 F.3d 405, 425-27 (5th Cir. 2001). All three elements are "an indispensable part of the plaintiff's case" and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

Hope's injunctive claims against Defendants fail the injury, causation, and redressability prongs of the standing analysis because he fails to allege a violation of any federal law in relation to Defendants. Hope merely alleges "Warden Harris and Major Rehse are responsible for ensuring that prisoners in the "SHU" are housed in sanitary living conditions and not subjected to harassment, retaliation or cruel and unusual treatment." *See* DE 15 at 9. As for the other Defendants, Hope alleges that they "failed to follow classification policies and [to] use fair procedures or relevant standards when reviewing his classification status." DE 15 at 11. Other than these conclusory statements, Hope alleges nothing against Defendants that would support his having sustained an injury-in-fact that was caused by them and that is likely to be redressed by a favorable decision. Because Hope fails to show a plausible claim against any of the Defendants for ongoing constitutional violations which would likely be redressed by a favorable decision, he is not entitled to pierce through the protections afforded Defendants by the Eleventh Amendment, and his request for injunctive relief should be denied.

### C. No Personal Involvement by Defendants.

To hold someone liable under 42 U.S.C. § 1983, an inmate must show that the defendant was personally involved in the alleged constitutional violation. Personal involvement in an alleged constitutional deprivation is an essential element to a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate each defendant's participation in the alleged wrongdoing. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Under § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory. A supervisor may be held liable if either of the following exists: (1) he has personal involvement in the constitutional deprivation, or (2) there is sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). To be held liable for a policy, a supervisor who is not personally involved, nor has any causal connection to the constitutional violation, must implement a policy which is "so *deficient* that the policy itself is a *repudiation* of constitutional rights and is the *moving force* of the constitutional violation." *Id.* at 304 (emphasis added).

Alleged failures that are based on conclusory allegations do not meet the necessary threshold for a §1983 violation. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("A § 1983 plaintiff must plead specific facts with sufficient particularity to meet all the elements of recovery.") Hope fails to allege any personal involvement or causal connection by Defendants with respect to TDCJ's administrative segregation policies and procedures at the Polunsky Unit. He only claims that the Defendants should be liable by virtue of their job titles, and should have done something about his allegations. However, because Defendants' roles do not amount to a constitutional violation, all of Hope's claims against them should be dismissed.

**D. Hope Has No Plausible Fourteenth Amendment Claim.**

**1. Hope has no due process interest in his custodial classification.**

Hope alleges that his classification in administrative segregation violates his right to due process under the Fourteenth Amendment. *See* DE 15 at 1. Ordinarily, an inmate has no recognized due process interest in his custodial classification. *Moody v. Baker*, 857 F.2d 256, 257-58. (5th Cir. 1988). Furthermore, solitary confinement is typically viewed as an ordinary, expected, and permissible incident of prison life. *See e.g., Pichardo v. Kinker*, 73 F.3d 612, 612 (5th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). The Supreme Court held in *Hewitt v. Helms*, 459 U.S. 460, 468 (1982), that the Constitution does not create a liberty interest to be free from prison administrative segregation, whether the purpose of the segregation is to protect the prisoner's safety, to protect others from that prisoner, to break up potentially disruptive groups of inmates or to await later classification or transfer:

> It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence…Accordingly, administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.

*Id.* The Due Process Clause standing alone confers no liberty interest for freedom from state action taken with the sentence imposed. *Sandin v. Conner*, 515 U.S. at 480 (citing *Hewitt*, 459 U.S. at 468). Additionally, prison officials should be accorded the widest possible deference in classifying prisoners' custodial status as necessary to maintain security and preserve internal order. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008).

A state-created liberty interest *may* arise, however, when a custodial classification results in conditions of confinement that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (emphasis added). However, Hope's own pleadings illustrate that he is afforded many freedoms similar to those of general population inmates. For instance, Hope acknowledges that he is allowed recreation 5 times a week,

is allowed visitors, is allowed phone calls, and is allowed to check out legal materials. *See* DE 15 at 4, 6. Because Hope's conditions of confinement do not impose an atypical and significant hardship on him in relation to the ordinary incidents of prison life, he is unable to show a plausible claim for a violation of the Due Process Clause.

Hope also alleges that he has been ineligible for parole due to his confinement in administrative segregation. DE 15 at 13-14. However, Texas law does not create a liberty interest in parole and, accordingly, Hope cannot state a claim under the Due Process Clause based on parole procedures. *See Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Because the Due Process Clause confers no liberty interest under any of the facts alleged by Hope, his Fourteenth Amendment claims must fail and should be dismissed.

### 2. Hope has had adequate procedure and meaningful review as to his custodial classification.

Even assuming *arguendo* that Hope has raised a valid liberty interest, he still must show that he has not had adequate procedure in relation to this alleged interest for purposes of Fourteenth Amendment due process. *See Wilkinson v. Austin*, 545 U.S. 209, 224-28 (2005) (holding that the prison system provided adequate due process by providing informal, non-adversary procedure which included multiple levels of review). Hope cannot show he has suffered inadequate procedure as to his classification. Hope's own pleadings acknowledge that his classification in administrative segregation is reviewed regularly. *See* DE 15 at 9-10. In fact, he states that his classification status is reviewed by the State Classification Committee every 180 days and that he personally has participated in reviews of his classification status. *Id.*

TDCJ's classification review system is a constitutionally adequate procedure that offers meaningful review for prisoners like Hope who are in administrative segregation. Although he may disagree with the outcome, the State Classification Committee's review-based decision declining to change Hope's classification status does not illustrate a lack of adequate procedure for purposes of

Fourteenth Amendment due process. Because Hope cannot show he has suffered inadequate procedure as to his classification, he has no plausible claims based on Fourteenth Amendment due process violations, and these claims should be dismissed.

### E. Hope Has No Plausible Eighth Amendment Claim.

#### 1. Hope has no plausible claim for the conditions of his confinement.

Hope alleges that the conditions of his confinement violate the Eighth Amendment. DE 15 at 1. Although the Constitution "does not mandate comfortable prisons," conditions of confinement "must not involve the wanton and unnecessary infliction of pain." *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999). The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide "humane conditions of confinement," ensuring that "inmates receive adequate food, clothing, shelter, and medical care…" *Id.* at 352.

As previously stated, Hope has made several complaints in putative support of his Eighth Amendment claim. Hope alleges that his cell is small and noisy, that he receives meals with fewer calories when the unit is on lockdown, that he has been exposed to chemical agents, that he is subjected to eating on dirty dishware, that he does not receive the same condiments as general population prisoners, that his shower is not clean, that his medical visits lack privacy because they are often conducted cell-side, that his library visits are limited, that his collect calls cost more than those of general population prisoners, that he is not allowed contact visits, and that he is only allowed to keep a small number of personal possessions. *See* DE 15 at 3-8. He also alleges that these conditions have had a negative effect on his mental health and that he suffers from back pain due to living in cramped conditions. *See* DE 15 at 8-9.

The Supreme Court has held that an inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. *Palmer*, 193 F.3d at 352. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must

result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* Second, "a prison official must have a 'sufficiently culpable state of mind.'" *Id.*

In prison conditions cases, that state of mind is one of deliberate indifference to inmate health or safety. *Id.* "To establish deliberate indifference…the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Palmer*, 193 F.3d at 352 (*citing Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998)).

The Supreme Court has held that to the extent prison conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society. *Rhodes v. Chapman,* 452 U.S. 337, 346-47 (1981)). In compliance with the Supreme Court's opinion, the Fifth Circuit has stated that the Eighth Amendment does not afford protection against mere discomfort or inconvenience. *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir. 1989). Again, only those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Furthermore, in order to recover damages for any type of mental or emotional injury suffered, an inmate must first allege a physical injury. 42 U.S.C. § 1997e(e); *Taylor v. Milton*, 124 Fed. Appx. 248, 249 (5th Cir. 2005). Because Hope has alleged no facts that any claimed deprivation by Defendants is objectively serious and has also failed to allege any facts that Defendants acted with deliberate indifference, he has no plausible claim for relief as to his conditions of confinement pursuant to the Eighth Amendment and these claims should be dismissed.

### 2. Hope has no plausible claim for medical care.

An official is not liable for the failure to provide medical care to an inmate unless that failure was due to deliberate indifference to his medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

"[F]acts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.* Mere negligence does not constitute a § 1983 cause of action. *Estelle*, 429 U.S. at 106; *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a . . . failure to act reasonably"). Even gross negligence does not rise to the level of deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996). Hope complains generally of lack of privacy due to cell-side medical visits and states that he has not been given proper treatment for his mental state. DE 15 at 8-9. However, Hope has alleged no facts that establish Defendants Harris and Rehse knew about a serious medical need of his and were deliberately indifferent to such medical need. Accordingly, Hope has failed to show he has a plausible claim under the Eighth Amendment.

### 3. Hope has no plausible retaliation claim.

Hope alleges claims for retaliation. DE 15 at 14. A cognizable retaliation claim requires the violation of a constitutional right coupled with retaliatory animus. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). In order "to state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). While direct evidence of motivation is preferable, a prisoner may also "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166.

"To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Id.* A prisoner asserting a claim of retaliation "must allege a violation of a specific constitutional right

and be prepared to establish that but for the retaliatory motive" the punitive actions would not have occurred. *Id.* In the instant case, Hope's allegation of retaliation fails to raise a colorable constitutional claim. Hope asserts that he has been retaliated against for filing grievances. DE 15 at 14. He alleges that his cell has been searched and that his typewriter was confiscated and that he has been subjected to several moves from one cell to another. *Id.* Hope's retaliation claim fails and has no arguable basis in law, because there is no causation. Because both cell searches and cell moves are routine facets of prison life with an independent and legitimate basis, Hope cannot show that but for the retaliatory motive, his cell would not have been searched or he would not have been moved. Additionally, it is well established that an inmate has no federally protected right to use or possess a typewriter. *See Stubblefield v. Henderson*, 475 F.2d 26, 27 (5th Cir. 1973). Because Hope has failed to show intent, a retaliatory act, or causation, he has failed to allege a deprivation of constitutional rights that gave rise to a viable retaliation claim and this claim should be dismissed.

## V.
## CONCLUSION

Hope fails to enunciate a set of facts that give rise to violations of the Eighth or Fourteenth Amendments, and also fails to demonstrate Defendants' personal involvement in any alleged wrongs. Hope therefore, fails to show an ongoing violation of federal law to overcome Defendants' entitlement to Eleventh Amendment immunity. Accordingly, Defendants respectfully ask that all of Hope's claims against them be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Defendants further pray for all other relief to which they may be justly entitled.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Amy L. Prasad
**AMY L. PRASAD**
Assistant Attorney General
Attorney-in-Charge
State Bar No. 24037295
Amy.Prasad@oag.texas.gov

P. O. Box 12548, Capitol Station
Austin, Texas 78711
Office (512) 463-2080
Fax (512) 370-9401

**ATTORNEYS FOR DEFENDANTS HARRIS, REHSE, ECHESSA, WHITE, ENLOE, BENNETT, AND FIVEASH**

## NOTICE OF ELECTRONIC FILING

I, **AMY L. PRASAD**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above in accordance with the Electronic Case Files System of the Eastern District of Texas Lufkin Division on March 6, 2019.

/s/ Amy L. Prasad
**AMY L. PRASAD**
Assistant Attorney General


## CERTIFICATE OF SERVICE

I, **AMY L. PRASAD**, Assistant Attorney General of Texas, certify that a true copy of the above has been served by placing it in United States mail, Certified Mail, Return Receipt Requested, on March 6, 2019, addressed to:

Dennis Wayne Hope, TDCJ # **579097**     *CM/RRR:  7018 0680 0001 3687 9684*
Polunsky Unit
3872 FM 350 South
Livingston, TX 77351
***Plaintiff Pro Se***

/s/ Amy L. Prasad
**AMY L. PRASAD**
Assistant Attorney General