IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

DENNIS WAYNE HOPE

V.

TODD HARRIS, et al.

CIVIL ACTION NO. 9:18cv27

OBJECTION TO UNITED STATES MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS

COMES NOW PLAINTIFF DENNIS WAYNE HOPE, Pro Se, and respectfully objects to the Magistrate Judge's report and recommendations entered on March 9, 2020. This report concerns the Defendant's Motion to Dismiss.

OBJECTIONS:

1. THE MAGISTRATE ERRED WHEN HE CITED THE SUIT AS HAVING BEEN FILED IN FORMA PAUPERIS.
2. THE MAGISTRATE JUDGE ERRED WHEN HE DENIED THE SUIT HAS FACTUAL ALLEGATIONS AND ARGUABLE BASIS IN LAW.
3. THE MAGISTRATE JUDGE ERRED WHEN HE DENIED PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF COULD BE GRANTED.
4. THE MAGISTRATE JUDGE ERRED WHEN HE CITED DEFENDANT'S ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.
5. THE MAGISTRATE JUDGE ERRED WHEN HE MISCHARACTERIZED PLAINTIFF'S ALLEGATIONS OF MEANINGLESS REVIEWS.
6. THE MAGISTRATE JUDGE ERRED WHEN HE MISCHARACTERIZED THE ROLE OF EACH DEFENDANT.
7. THE MAGISTRATE JUDGE ERRED WHEN HE CONCLUDED THERE WERE NO CONSTITUTIONAL VIOLATIONS REGARDING CONDITIONS OF CONFINEMENT.
8. THE MAGISTRATE JUDGE ERRED WHEN HE CONCLUDED PLAINTIFF HADN'T SHOWN A VIOLATION OF CONSTITUTIONAL RIGHT OR MOTIVE FOR RETALIATORY ACT.
9. THE MAGISTRATE ERRED WHEN HE MISCHARACTERIZED PLAINTIFF'S COMPLAINT REGARDING DENIAL OF MENTAL HEALTH TREATMENT.
10. THE MAGISTRATE JUDGE ERRED WHEN HE FAILED TO ORDER A MORE DEFINITE STATEMENT FROM PLAINTIFF.

1. THE MAGISTRATE JUDGE ERRED WHEN HE CITED THE SUIT AS HAVING BEEN FILED IN FORMA PAUPERIS.

Plaintiff filed suit in this matter and paid the filing fee in full and therefore never sought In Forma Pauperis status. The Standard of Review should not have been for an In Forma Pauperis filing.

2. **THE MAGISTRATE JUDGE ERRED WHEN HE DENIED THE SUIT HAS FACTUAL ALLEGATIONS AND ARGUABLE BASIS IN LAW.**

Plaintiff alleged he is housed in unsanitary and highly restrictive living conditions. In his amended complaint he provides facts, names of officials and dates of incidents. He further alleged he has been in these living conditions for over twenty-three (23) years (now over 25 years). He also alleged he isn't provided any meaningful reviews with regard to his continued segregation. He also alleges that both his physical and mental state of health have deteriorated due to the decades of this type treatment and confinement. "a plaintiff's complaint must contain enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. V. Trombly, 540, 570, 127 S.Ct. 1955, 167 L.Ed. 2d. 929 (2007). This plausibility standard is met where plaintiff "pleads factual content that allows the court to draw inference that the defendant is liable for the misconduct alleged." Iqbal, U.S. at 678. Ashcroft V. Iqbal 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 868 (2009).

It is a fact that plaintiff has been held in solitary for over 23 years (currently 25 years) with no end in sight. His complaint sets out the atypical treatment he is subjected to and the hardship imposed on him due to being housed in solitary. Laue V. Johnson, 117 F.App'x 365, 366. (5th Cir. 2004) ("We'll assume arguendo that Laue's eight years of confinement in administrative segregation constitutes an 'atypical and significant hardship' on the inmate in relation to ordinary incidents of prison life."). Plaintiff has established that he has a Liberty interest and thereby triggered a right to Due Process, both protected by the United States Constitution.

Since the U.S. Supreme Court's decision in Wilkinson V. Austin, 125 S.Ct. 2384 (2005), the 5th circuit has stated, "when a prisoner demonstrates extraordinary circumstances" or in other owrds, an "atypical and significant hardship", he may "maintain a due process challenge to a change in his custodial classification." Hernadez V. Velasquez 522 F.3d 556, 562 (5th cir. 2008) at 562. See also Tate V. Starks 444 F. App'x 720, 723-24 (5th cir. 2011) (noting that extreme restrictive CONDITIONS CONSTITUTE A "crucial exception to the general rule that a prisoner has no liberty interest in his classification").

This suit has set forth factual allegations that have arguable basis in law and facts to be tried.

3. THE MAGISTRATE JUDGE ERRED WHEN HE DENIED PLAINTIFF HAS STATED A CLAIM UPON WHICH RELIEF COULD BE GRANTED.

Plaintiff made claims that violate the 8th, 14th and 5th Amendments of the U.S. Constitution respectively. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. At this stage, a court "must accept all well-pleaded facts in the complaint as true and must construe the allegations in the light most favorable to the plaintiff." Cent. Laborers' Pension Fund v. Integrated Elec. Servs. 497 F.3d 546, 550 (5th cir. 2007).

Title 42 U.S.C. § 1983 authorizes a suit in equity, or other proper proceedings for redressing violations of the Constitution and federal law by those acting under the color of law. See Nelson v. Campbell, 541 U.S. 637, 643 (2004), Conn. v. Gabbert, 526 U.S. 286, 290 (1999). It Provides:

> Every person who, under the color of any statute, ordinace, regulation, custom, or usage, of any state... subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation or any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...

This court has the authority to order injunctive relief, declatory relief and monetary damages.

4. THE MAGISTRATE JUDGE ERRED WHEN HE CITED DEFENDANT'S ARE ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.

Each defendant is being sued in their official and individual capacities. The Eleventh Amendment seeks to provide immunity for State officials while carrying out their lawful duties. The narrow exception to Eleventh Amendment immunity from suit is Ex Parte Young, "is based on the legal fiction that a soverign state cannot act unconstitutionally[;t]hus, where a state actor enforces an unconstitutional law, he is stripped of his official clothings and becomes a private person in suit." K.P. v. LeBlanc, 627 F.3d 115, 124 (5th cir. 2010). "In determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of a federal law and seeks relief properly characterized as prospective." Fontenot v. McCraw 777 F.3d 741, 752 (5th cir. 2015)(quoting Verizon Md. Inc. v. Pub. Svc. Comm'n, 535 U.S. 635, 645 (2002).

Plaintiff must show an actual or imment, concrete and particularized "injury in fact" that is fairly traceable to the challenged action of the defendant and that is likely to be redressed by a favorable decision.

Plaintiff suffers from chronic lower back pain, knee ailments, insomnia, anxiety, depression, auditory and visual hallucinations all taken on after being placed

in solitary for decades.

Defendants were not following policy when they denied Plaintiff meaningful classification reviews and subjected him to harassment, retaliation and unconstitutional living conditions. Each of these things continue to have a profound and lasting effect on him. This court has the authority and ability to take corrective action and order injunctive relief. Plaintiff has not only shown actual injury due to the actions of the defendants, but the likelihood that even greater physical and mental health deterioration will result absent intervention by this court.

Each defendant had direct involvement with each allegation set forth in the complaint against them. Each SCC member worked in conjunction with Asst. Director of Classifications Joni White to deny Plaintiff any meaningful review in his hearings. Each of them are aware of the effects that isolation has on prisoners subjected to it, especially those subjected to it for long periods of times.

In Plaintiff's Opposition to Defendant's Motion to Dismiss Amended Complaint he layed out the direct involvement for each defendant. Plaintiff would urge this court to review that motion in its entirity before accepting any recommendations from the magistrate judge.

5. THE MAGISTRATE JUDGE ERRED WHEN HE MISCHARACTERIZED PLAINTIFF'S ALLEGATIONS OF MEANINGLESS REVIEWS.

The Magistrate Judge wrote,"plaintiff complains that the reviews are not meaningful because he has not been released from administrative segregation to general population." (Page 9 of Magistrate Report dated March 9, 2020). Plaintiff alleges that he is not reviewed for release from Ad. Seg. at these hearings. The purpose for the 180 day review is to determine if the Plaintiff should be released from Ad. Seg. The SCC members never consider his release as that's not their decision or so they say. Plaintiff cannot find any policy or directive that requires a Director to approve an inmate let alone plaintiff from Ad. Seg. However, each SCC member assures plaintiff they aren't conducting the hearing to consider his release. If the court is to accept what the Magistrate Judge states then plaintiff is never reviewed for release because there's no review being conducted by the Director. On all the review paperwork (i-189) the SCC members signatures are on there.

The ASC reviews that plaintiff are given every 30 days have nothing to do with his release from Ad. Seg. those reviews are conducted at u nit level to determine placement or removal from disciplinary or restrictions.

Plaintiff relies on SCC members (defendants) assertion that they are not authorized to release him. This is their reason why they don't review his file

or consider him for release. A hearing before a committee who has no authority to change plaintiff's custody is equivalent to no hearing at all.

The Magistrate's report erred when it alleged an inmate has no protected interest in any particular custody or security classifications, once incarcerated. Since the U.S. SUpreme Court's decision in <u>Wilkinson v. Austin, 125 S.Ct. 2384 (2005)</u>, the 5th circuit has stated, "when a prisoner demonstrates extraordinary circumstances" or in other words, an "atypical and significant hardship", he may "maintain a due process challenge to a change in his custodial classification." <u>Hernandez v. Velaquez 522 F.3d 556, 562 (5th cir. 2008)</u> at 562. See Also <u>Tate v. Starks 444 F. App'x 720, 723-24 (5th cir. 2011)</u> (noting that extremely restrictive CONDITIONS CONSTITUTE a "crucial exception to the general rule that a prisoner has no liberty interest in his classification").

6. THE MAGISTRATE JUDGE ERRED WHEN HE MISCHARACTERIZED THE ROLE OF EACH DEFENDANT.

Each SCC member named as a defendant conducted a hearing on plaintiff. After each hearing they signed the paperwork (I-189) indicating they had reviewed and considered him for release from Ad. Seg. Each defendant assisted Joni White in denying plaintiff his due process. Nowhere in TDCJ policy does it provide that an inmate cannot be released due to having a history of escape. Defendants deny plaintiff any process he is due when they never consider his relase from Ad. Seg. whether being told to do so or doing it on their own.. Twenty-five (25) years of denials helps to substantiate the process is meaningless and without substance for plaintiff. By each SCC members own admission they are not giving him a hearing or reviewing to determine if he can be released from Ad. Seg. Even if the Director is the only one that can authorize his release as the SCC members state, the Director has never reviewed plaintiff or his file. A hearing before a committee who has no authority to change plaintiff's custody is equivalent to no hearing at all.

7. THE MAGISTRATE JUDGE ERRFD WHEN HE CONCLUDED THERE WERE NO CONSTITUTIONAL VIOLATIONS REGARDING CONDITIONS OF CONFINEMENT.

Plaintiff has alleged denial of basic human needs; sleep, social contact, exercise and enviromental stimulation. Exercise and sleep have been expressly recognized by jurisprudence as basic needs. <u>Wilson v. Seiter, 501, U.S. 294, 301. 111 S.Ct. 2321 (1991)</u>. Additionally, plaintiff emphasizes that the conditions of Ad. Seg.must be considered both cumulatively and durationally in determining whether a serious deprivation has accorred, and that a reasonable factfinder could conclude that the combination of conditions for such an extraordinary long time in lockdown deprives the plaintiff of, at the

very least basic needs of exercise and sleep.

"As eearly as 1890, The Supreme Court recognized that, largely because of the risk of severe psychological harm that flow from deprivations of social contact and other forms of enviromental stimulation, the matter of solitary confinement is not...a mere unimportant regulation as to the safe-keeping of the prisoner, but is rather an infamous punishment." In re Medley, 134 U.S. 160, 167, 169, 10 S.Ct. 384 (1890). Other courts have recognized the medical and psychological literature concerning the ill effects of segregation and isolation on human beings.. See Davenport v. De Roberts, 844 F.2d 1310, 1316 (7th cir. 1988) (Posner.J)(noting that "there is plenty medical and psychological leterature concerning the ill effects of solitary confinement (of which segregation is a variant)", Madrid v. Gomez. 889 F. Supp. 1146, 1230 N.D. Cal. 1995) (Social science AND CLINICAL LITERATURE HAVE CONSISTENTLY REPORTED THAT WHEN HUMAN BEINGS ARE SUBJECTED TO SOCIAL ISOLATION AND REDUCED ENVIROMENTAL STIMULATION, THEY MAY DETERIO-RATE MENTALLY AND IN SOME CASES DEVELOP PSYCHIATRIC DISTURBANCES".)

Conditions of prisoner confinement are subject to Eight Amendment scrutiny. Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, prison officials must ensure inmates are held in "humane" conditions. Id. at 832 The Supreme Court has set forth a two-pronged inquiry. Id. at 834. First. the conditions to which a prisoner is subjected must be objectively "serious", -- a denial of "the minimal civilized measure of life's necessities" or posing a "substantial risk of serious harm."" Id. at 834. Second, the prison official must be subjectively culpable -- showing "deliberate indifference to inmate health or safety." Id.

To satisfy the objective component, a plaintiff must show deprivation of a single, identifiable human need, such as health, safety, or exercise. Wilson v. Seiter, 501 U.S. 294, 304 (1991). A court may consider a combination of conditions IF THE COMBINATION PRODUCES A "mutually reinfocrcing effect" resulting in a deprivation of a single, identifiable human need. Id. The Eight Amendment also protects against future harm, where conditions "pose an unreasonable risk of serious damage to [the prisoenr's] future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

The subjective component requires prison officials be deliberately indifferent to the idnetified deprivations or risks. Farmer, 511 U.S. at 834. A Defendant is deliberately indifferent when he or she "knows of and disregards" a deprivation or "an excessive risk to inmate health and safety." Id . at 837. To disregard a deprivation or risk means to "fail[] to make reasonable measures to abate it." Id at 847.

Prison officials cannot "choose to remain deliberately indifferent to an excessive or substantial or serious risk of harm to inmates." Coble v. Damiter, Civ. No. 3:11-CV-1276, 2012 WL 3231261, *8-*9 (M.D. Pa June 27, 2012). Accordingly, COURTS PROPERLY INFER DELIBERATE INDIFFERENCE WHEN THE PLAINTIFF PROVES THE RISK OR DEPRIVATIONS WAS "obvious". Farmer, 511 U.S at 842.

"the length of confinement [in isolation] cannot be ignored in deciding whether confinement meets constitutional standards." Hutto v. Finney, 437 U.S. 678, 686 (1978): Nami v. Fauver, 82 F.3d 63, 67 (3rd Cir. 1996) (considerations relevant to the Eighth Amendment test "include the length of confinement, the amount of time prisoners must spend in their cells each day, sanitation, lighting, bedding, ventilation, noise, education and rehabilitation programs, opportunities for activities outside of the cells,..."); Young v. Quinlan, 960 F.2d 351, 364 (3rd Cir. 1992) (superseded by statute on other grounds)("The duration and conditions of segregated confinement cannot be ignored in deciding whether such confinement meets constitutional standards."); Peterkin v. Jeffes, 855 F.2d 1021, 1025 (3rd Cir. 1988)("objective factors which court must examine in prison conditions cases include BASIC HUMAN NEEDS SUCH AS... LENGTH OF CONFINEMENT, AND OUT-OF-CELL TIME.") Solitary confinement in any duration and particularly in an extreme duration such as this deprives inmates of the basic human needs of social interaction, enviromental stimulation, mental health, sleep and exercise. Plaintiff has endured the deprivations now for over twenty-five (25) years. Plaintiff, therefore, satisfies the objective component of an Eighth Amendment claim. See Wilkerson v. Stalder, 639 F. Supp.2d 654, 679 (M.D. La.2007)

The 5th Circuit Court of Appeals has recognized that social interaction and enviromental stimulation are basic human needs. Wilkerson, 639 F. Supp. 2d at 677-678, Ruiz v. Johnson, 37 F. Supp. 2d 855, 914-15 (S.D. Tex. 1999) rev'd on other grounds, 243 F.3d 941 (5th Cir. 2001), adhered to on remand 154 F. Supp. 2d 975 (S.D. Tex 2001). The almost total limitation on human interaction imposed on plaintiff over several decades is a deprivation of what it means to be a human. As the Wilkerson court stated: "The cumulative effect of over 28 years of confinement in lockdown [in solitary confinement] constitutes a sufficiently serious deprivation of at least one basic human need, including but not limited to sleep, exercise, social contact and environmental stimulation. It is obvious that being housed in a tiny cell for 23 hours a day for over three decades results in serious deprivations of basic human needs." Wilkerson, 639 F. Supp.2d at 679.

Just as in Wilkerson, Plaintiff is held in isolation in a tiny cell for 23-24 hours per day for over twenty-five (25) years. As in Wilkerson, he has, by that

very fact, "obviously" been deprived of basic human needs. Id.

8. THE MAGISTRATE JUDGE ERRED WHEN HE CONCLUDED PLAINTIFF
HADN'T SHOWN A VIOLATION OF CONSTITUTIONAL RIGHT OR
MOTIVE FOR RETALIATORY ACT.

Plaintiff alleged he was being retaliated against for exercising his rights to freedom of speech by contacting outside officials about his treatment and seeking redress via grievances for unconstitutional treatment. Plaintiff alleged that in retaliation for filing grievances and contacting State officials he was given "bogus" cases, his typewriter was confiscated and he began to be moved into different cells weekly. Prior to defendants retaliating, plaintiff had been moved 8 times in the five years prior to this. Once the defendants began aharassing and retaliating plaintiff has been moved over 263 time. Defendant Rehse stated, "everytime I see you you're going to get moved." Plaintiff's suit provided sufficient allegations for a retaliatory claim.

9. THE MAGISTRATE JUDGE ERRED WHEN HE MISCHARACTERIZED
PLAINTIFF'S COMPLAINT REGARDING DENIAL OF
MENTAL HEALTH TREATMENT.

Although Plaintiff provided incidents of delay and lack of privacy with medical and mental health treatment, those incidents show the significant hardships plaintiff endures when compared to that of a general population prisoner. The outright denial of mental health treatment comes solely at the hands of the SCC members and Asst. Director of classifications Joni White. Classification in the last four (4) years has classified plaintiff as "high profile". By placing that tag on him they now deny him access to any mental health programs. Mental health has recommened plaintiff be placed in a diversion program, but classification prohibits "high profile" inmates from going to that program. Defendant's are aware of plaintiff's mental health issue and remain deliberate indifferent to them.

10. THE MAGISTRATE JUDGE ERRED WHEN HE FAILED TO
ORDER A MORE DEFINITE STATEMENT FROM PLAINTIFF.

Plaintiff is proceeding Pro Se and as stated in the complaint deals with bouts of anxiety, inability to focus more than just a few minutes and short-term memory. In the interest of justice and judicial economy, the court would be better served if a More Definite Statement were ordered on subjects the court felt were not detailed or descriptive enough to give the court an accurate account of Plaintiff's complaint. Plaintiff tried to be brief in his complaint and comply with the rules of the court.

PRAYER.

For the above stated reasons Plaintiff would object to the Report and Recommendations of the Magistrate Judge. Plaintiff would further ask that the

District Judge order a More Definite Statement on any area it feels has merit but may need additional information to make such a finding.

```
                              Dennis Wayne Hope /TDCJ # 579097
                              Polunsky Unit
                              3872 FM 350 South
                              Livingston, Texas 77351
```

## CERTIFICATE OF SERVICE

I Dennis Wayne Hope, Plaintiff Pro Se, hereby certify that a true and correct copy of the Plaintiff's "Objection to United States Magistrate Judge's Report and Recommendations" has been sent to Amy L. Prasad, Assistant Attorney General for the State of Texas 78711-2548 via U.S. Mail first class postage prepaid on this  2nd  day of April, 2020.

```
                              Dennis Wayne Hope TDCJ # 579097
                              Polunsky Unit
                              3872 FM 350 South
                              Livingston, Texas 77351
```

April 2, 2020

Mr. David O'Toole, Clerk
U.S. District Court of the Eastern District of Texas
Lufkin Division
104 North Third Street
Lufkin, Texas 75901

   Re:   DENNIS WAYNE HOPE vs. TODD HARRIS ET. AL       CAUSE No.: 9:18cv27

Dear Mr. O'Toole:

   Enclosed please find two (2) copies of Plaintiff's "OBJECTION TO UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS. Please file them with the court at your earliest convenience. A copy has been forwarded to Amy L Prasad, Assistant Attorney General of Texas on this same day.

   Thank you in advance for your time and attention to this matter.

                                           Respectfully Submitted,

                                           */s/ Dennis Wayne Hope*
                                           Dennis Wayne Hope #579097
                                           Polunsky Unit
                                           3872 FM 350 South
                                           Livingston, Texas 77351

e 579097
nit
0 South
, Texas  77351



LEGAL MAIL!!!!

David O'Toole, Clerk
UNITED STATES DISTRICT COURT
Eastern District of Texas
104 North Third Street
Lufkin , Texas 75901