Not for Printed Publication

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DENNIS WAYNE HOPE | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv27 |
| TODD HARRIS, ET AL. | § | |

## ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Dennis Wayne Hope, an inmate at the Polunsky Unit, proceeding *pro se*, brought the above-styled lawsuit against Todd Harris, Chad Rehse, Leonard Eschessa, Joni White, Kelly Enloe, Melissa Benet, and B. Fiveash.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends that the defendants' motion to dismiss should be granted and plaintiff's complaint be dismissed with prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful *de novo* consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report, plaintiff's claims fail to state a claim upon which relief

may be granted and are frivolous. Accordingly, the defendants' motion to dismiss should be granted and the case dismissed.

Plaintiff paid the full filing fee in this prisoner civil rights action. Accordingly, the Magistrate Judge ordered the Clerk of Court to deliver summonses to plaintiff so he could serve the defendants. While plaintiff complains that the Magistrate Judge erred in asserting plaintiff is proceeding *in forma pauperis* when he paid the filing fee, such distinction does not immunize plaintiff from the dismissal of his claims pursuant to a motion to dismiss by the defendants or dismissal under 28 U.S.C. § 1915A which applies to all prisoner complaints even when the prisoner has paid the required filing fee. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998). Additionally, to the extent plaintiff contends the Magistrate Judge erred by not conducting an evidentiary hearing to develop his complaint, his objection lacks merit. In this case, the Magistrate Judge did not recommend dismissal of the case during his initial screening of the case. Instead, the defendants were served and filed a motion to dismiss seeking dismissal of plaintiff's claims against them. The Magistrate Judge entered a Report addressing the defendants' motion to dismiss and recommending the defendants' motion be granted. The court has liberally construed plaintiff's allegations and the factual allegations have been taken as true and construed favorably to the plaintiff. Plaintiff's objection is without merit.

Plaintiff also complains of his continued confinement in administrative segregation and his classification as "high profile" which makes him ineligible for placement in a diversion program. However, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "Inmates have no protectable property or liberty interest in custodial

classifications." *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998). Thus, plaintiff has no constitutional right to be classified for release to general population. Further, plaintiff has failed to show prison administrators' decisions to continue his confinement in administrative segregation is not related to legitimate penological interests based on his history of violence and escape. As the Magistrate Judge observed, plaintiff's record demonstrates he has a propensity to commit violent crimes, as well as a history of possession and use of firearms, impersonating a public servant or security officer, and escaping from custody on two separate occasions. While plaintiff argues his administrative segregation review hearings are not meaningful, plaintiff concedes he is receiving due process hearings on a regular basis. Finally, plaintiff's allegations fail to rise to the level of a violation of the Eighth Amendment with respect to either the conditions of his confinement or medical care. Plaintiff's allegations against the named defendants fail to show the defendants' actions rose to the level of the deliberate indifference. Plaintiff has failed to show the denial of a constitutional right. Accordingly, plaintiff's allegations fail to state a claim upon which relief may be granted.

Plaintiff also complains of the defendants' failure to follow prison rules and regulations. However, the failure to follow prison regulations, rules or procedures does not rise to the level of a constitutional violation. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Therefore, plaintiff's allegations fail to state a claim upon which relief may be granted.

Additionally, plaintiff complains he was retaliated against by the defendants. To state a valid claim for retaliation, an inmate must prove "(1) he was exercising a specific constitutional right, (2) the defendant intended to retaliate against the inmate for exercising that right, (3) a retaliatory

adverse act occurred, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). To show causation, an inmate must establish that "but for the retaliatory motive the complained of incident ... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Mere conclusory allegations of retaliation will be insufficient to state a retaliation claim. *Id*.

In this case, plaintiff has failed to show either a retaliatory motive or causation regarding his claims against the defendants. Plaintiff's allegations of retaliation are conclusory and no more than mere speculation on the part of plaintiff. Plaintiff has failed to produce either direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. Thus, plaintiff has failed to state a claim of retaliation under § 1983 against the defendants. Accordingly, the defendants' motion to dismiss should be granted.

## O R D E R

For the reasons set forth above, as well as in the Report of the Magistrate Judge, plaintiff has failed to state a claim upon which relief may be granted or are frivolous. Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. It is

**ORDERED** that the defendants' motion to dismiss is **GRANTED**, and plaintiff's claims are dismissed with prejudice. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**
**May 5, 2020**

Ron Clark, Senior District Judge