IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DENNIS WAYNE HOPE | § | |
| VS. | § | CIVIL ACTION NO. 9:18-cv-27 |
| TODD HARRIS. ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Dennis Wayne Hope, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Plaintiff has filed a Motion for Leave to File Second Amended Complaint. (ECF No. 52.) Additionally, plaintiff has filed a Motion for Leave to Exceed Page Limitations in Second Amended Complaint (ECF No. 53) in which plaintiff seeks to file an amended complaint of 72 pages instead of the 30 pages allowed by Local Rule 3(c).

Plaintiff requests to add additional factual support for his surviving original individual capacity claims, allege an additional § 1983 conspiracy claim against the original defendants, and add an excessive force claim which arose at the Ellis Unit in 2022 against two additional defendants. The defendants oppose the second and third categories of amendments.

FED. R. CIV. P. 15(a) provides in pertinent part:

(1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

The above-styled action was dismissed on May 5, 2020.  Plaintiff appealed, and the case was remanded, in part, on September 2, 2021 for further proceedings on specific claims.  As plaintiff has previously filed another amended complaint, he must have leave of court to amend his pleading. Plaintiff, however, also seeks to add new claims, one which occurred approximately five years after the institution of this lawsuit and involving parties other than the Defendants presently named in this action.  Thus, Plaintiff is attempting to supplement his claims.

Federal Rule of Civil Procedure 15(d) provides:

On motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading sought to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Federal Rule of Civil Procedure 15(d) gives federal courts discretion to allow a party to file a supplemental pleading.  *See also Insurance Concepts, Inc. v. Western Life Ins. Co.*, 639 F.2d 1108, 1114 (5th Cir. 1981)("The grant or denial of a motion to allow the filing of a supplemental counterclaim is within the trial court's discretion.")  In general, an application for leave to file a supplemental pleading is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the actions.  6A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice And Procedure § 1505 (1990).

While the court is inclined to grant plaintiff's motion with respect to the part supporting his original claims, plaintiff also seeks to add new claims, one of which occurred after the institution of this lawsuit involving parties other than the Defendants presently named in this action.  Allowing an amendment with claims other than those remanded to this court by the Fifth Circuit would violate the mandate rule.  *See Henderson v. Stalder*, 407 F.3d 351, 354 (5th Cir. 2005) (holding that,

following remand, a district court's decision to allow an amended complaint to add new claims and a new party violated the mandate rule); *see also Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002). Plaintiff's additional claims exceed the scope of the mandate. Accordingly, plaintiff's motion to amend should denied.

Further, in the alternative, allowing plaintiff to broaden his complaint and add new claims at this late juncture will not promote the speedy disposition of the entire controversy. Finally, plaintiff's claim of excessive force occurred outside the jurisdiction of this court. The Ellis Unit is located in Huntsville, Texas which is within the jurisdictional boundaries of the United States District Court for the Southern District of Texas. *See* 28 U.S.C. § 124. Accordingly, after due consideration, it is the opinion of the undersigned that plaintiff's attempt to supplement his complaint and file an amended complaint should be denied without prejudice to plaintiff's ability to amend his complaint to clarify his original claims as remanded by the Fifth Circuit.

In conclusion, plaintiff's motion for leave to amend the complaint should be denied without prejudice to plaintiff's ability to file a new motion for leave within thirty days along with a proposed amended complaint strictly limited to supporting those claims remanded to this court. Additionally, plaintiff's motion for leave to exceed the page limit should be denied as moot.

## Recommendation

Plaintiff's motion for leave to amend the complaint should be denied without prejudice to plaintiff's ability to file a new motion for leave within thirty days along with a proposed amended complaint strictly limited to supporting those claims remanded to this court. Additionally, plaintiff's motion for leave to exceed the page limit should be denied as moot.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an

aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

SIGNED this 30th day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge