| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DENNIS WAYNE HOPE, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 9:18-CV-27
§
TODD HARRIS, *et al.*, §
§
    Defendants. §

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    Plaintiff Dennis Wayne Hope, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding with counsel, brought this lawsuit pursuant to 42 U.S.C. § 1983.

    The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying plaintiff's motion for leave to amend the complaint without prejudice to his ability to file a new motion strictly limited to supporting those claims remanded to this court within thirty days. Additionally, the magistrate judge recommended denying plaintiff's motion for leave to exceed the page limit as moot.

    The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

    After careful consideration, the court concludes plaintiff's objections should be overruled. While the plaintiff seeks to add factual support for his original individual capacity claims, he also alleges additional claims not asserted in the original action. Plaintiff seeks to assert an additional conspiracy claim against defendants Rehse, Echess, White, Enloe, Bennett, and Fiveash which was

not asserted in the original case. Additionally, plaintiff seeks to add a new, unrelated Eighth Amendment claim of excessive force involving new defendants which occurred after this action was filed. As the magistrate judge found, adding unrelated claims to the subject of the remand would violate the remand rule. "Limiting the scope of remand . . . is sensible because '[r]emand is not the time to bring new issues that could have been raised initially.'" *Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 349 (5th Cir. 2020) (quoting *ODonnell v. Goodhart*, 900 F.3d 220, 225 (5th Cir. 2018)).

As set forth above, one of the claims plaintiff seeks to add is an unrelated claim of excessive force. The excessive force claim occurred more than four years after his original complaint was filed, an excessive delay to seek amendment. Additionally, the incident occurred while plaintiff was confined at the Ellis Unit and involves two new defendants. The Ellis Unit is located within the jurisdictional boundaries of the United States District Court for the Southern District of Texas. Thus, the claims did not occur within this district nor do the defendants reside within this district. Plaintiff should file his excessive force claim in the appropriate district where the incident occurred and the defendants reside.

Further, as the defendants argue, the addition of these new claims, especially those involving new defendants, would prejudice the defendants by vastly expanding the scope of discovery. Finally, the futility of claims in the amendment weigh against granting leave to amend, as currently proposed.

For the reasons set forth above, plaintiff's motion for leave to file a second amended complaint should be denied. The court is of the opinion, however, that plaintiff should be allowed an opportunity to file an amended complaint solely limited to the existing claims.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. It is

**ORDERED** that plaintiff's motion for leave to file a second amended complaint (#52) is **DENIED**. The denial is without prejudice to plaintiff's ability to seek permission to file a new motion for leave to file an amended complaint within thirty (30) days from the date set forth below. Plaintiff's new proposed amended complaint shall be strictly limited to the existing claims remanded to this court. It is further

**ORDERED** that plaintiff's motion for leave to exceed page limitations in his second amended complaint (#53) is **DENIED** as moot.

SIGNED at Beaumont, Texas, this 16th day of September, 2024.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE