| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DENNIS WAYNE HOPE, §
　　　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
*versus* 　　　　　　　　　　§　CIVIL ACTION NO. 9:18-CV-27
　　　　　　　　　　　　　　　　§
TODD HARRIS, *et al.*, §
　　　　　　　　　　　　　　　　§
　　　　　Defendants. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Dennis Wayne Hope, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding with counsel, brought this lawsuit pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying plaintiff's motion for leave to amend without prejudice to plaintiff's ability to file a new motion for leave within thirty days along with a proposed amended complaint which removes all retaliation claims against defendants Echessa, White, Enlow, Bennett, and Fiveash. Additionally, the magistrate judge recommends denying plaintiff's motion for leave to exceed page limitations as moot.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections should be overruled. Plaintiff seeks to assert a First Amendment retaliation claim against all defendants when the claim was limited to only defendants Harris and Rehse in the original case. The appellate opinion

"vacate[d] the judgment as to Hope's retaliation claim under the First Amendment as to Defendants Warden Harris and Major Rehse." (#33 at 19). As the magistrate judge determined, adding claims to the subject of the remand would violate the remand rule. "Limiting the scope of remand . . . is sensible because '[r]emand is not the time to bring new issues that could have been raised initially.'" *Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 349 (5th Cir. 2020) (quoting *ODonnell v. Goodhart*, 900 F.3d 220, 225 (5th Cir. 2018)); *see also Henderson v. Stalder*, 407 F.3d 351, 354 (concluding that district court's decision on remand to allow an amended complaint to add new claims and a new party in an effort to cure standing issue violated the mandate rule). Thus, any individual-capacity retaliation claims are limited to only Warden Harris and Major Rehse. Further, in the alternative, allowing plaintiff to expand the scope of his retaliation claim to include defendants Echessa, White, Enloe, Bennett, and Fiveash at this late juncture will not promote the speedy disposition of the entire controversy and would prejudice the defendants who have asserted qualified immunity.

For the reasons set forth above, plaintiff's motion for leave to file a second amended complaint (#67) should be denied. The denial should be without prejudice to plaintiff's ability to file a new motion for leave within thirty days along with a proposed amended complaint which removes all retaliation claims other than those against defendants Warden Harris and Major Rehse.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. It is

**ORDERED** that plaintiff's motion for leave to file a second amended complaint (#67) is **DENIED**. The denial is without prejudice to plaintiff's ability to file a new motion for leave within thirty days along with a proposed amended complaint which removes all retaliation claims other than those against defendants Warden Harris and Major Rehse. Additionally, it is

**ORDERED** that plaintiff's motion for leave to exceed page limitations (#69) is **DENIED** as moot.

SIGNED at Beaumont, Texas, this 17th day of September, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE